**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| IN RE: | § § | Case No. 21-42215-mxm11 |
| FLEXIBLE FUNDING, LTD. LIABILITY CO., | § § § § | (Chapter 11) |
| Debtors. | § § | |
| FLEXIBLE FUNDING, LTD. LIABILITY CO., | § § § | |
| Plaintiff | § § | **Adv. Proc. No. 23-04014** |
| v. | § § | |
| TOTEM FOREST PRODUCTS INTERNATIONAL LLC d/b/a TOTEM MATS, | § § § § | |
| Defendant. | § | |

**DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT THE ELDON B. MAHON U.S. COURTHOUSE, 501 W. 10TH ST., FORT WORTH, TX 76102-3643. BEFORE CLOSE OF BUSINESS ON <u>APRIL 19, 2023</u> WHICH IS AT LEAST 24 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN**

TOTEM FOREST PRODUCTS INTERNATIONAL LLC d/b/a TOTEM MATS ("Totem" or "Defendant"), by and through its undersigned counsel, hereby files this *Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint* regarding the *Complaint* (Docket No. 1) (the "Complaint") filed herein by Plaintiff Flexible Funding, LTD. Liability Co. ("Flexible" or the "Plaintiff"), and in support of said answer would show the following.

## I. INTRODUCTION

1. Plaintiff Flexible Funding, LTD. Liability Co. ("Flexible"), has filed suit against Totem seeking turnover of estate property or a money judgment for conversion, voidable transactions, and unfair and deceptive trade practices.

2. Flexible's fifth cause of action consists of an alleged violation of California Business & Professions Code §§ 17200 et seq, or the Unfair Competition Law. This cause of action fails against Totem because Totem is not subject to California law. Totem cannot be subject to California law as Totem is a limited liability company registered in the state of Oregon and is not involved in any contractual relationship with Flexible that states such choice of law provision, nor does the .

## II. LEGAL STANDARD

3. Rule 8(a) of the Federal Rules of Civil Procedure requires a pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). While "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If the plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to

dismiss the claims under Rule 12(b)(6) for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6).

4. In deciding a motion to dismiss, a court generally accepts as true all factual allegations contained in the complaint. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) (citing *United States v. Gaubert*, 499 U.S. 315, 327, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991)).

5. To defeat a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is considered plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556). Plausibility will not be found where the complaint is based solely on legal conclusions or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "naked assertions devoid of further factual enhancement." See, e.g., *Iqbal*, 556 U.S. at 678. Plausibility, not just possibility or conceivability, is required to survive a Rule 12(b)(6) motion. *Twombly*, 550 U.S. at 556-557.

6. Courts take a two-step approach in evaluating a motion to dismiss. First the Court accepts as true all well-pled factual allegations. Then the Court determines whether the well-pled factual allegations state a plausible claim for relief. *See In re Tronox, Inc.*, 429 B.R. 73, 90 (Bankr.S.D.N.Y.2010) and citing *Iqbal*, 129 S.Ct. at 1950) (stating that "*Twombly* illustrates the two-pronged approach.").

### III. ARGUMENT

7. Even if Flexible's allegations are true (which Totem does not admit), Flexible has failed to state a cause of action against Totem under California's Unfair Competition Law. Cal.

Bus. & Prof. Code §§ 17200 et seq. Therefore Flexible's claims against Totem must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

8. Flexible's fifth claim for relief against Totem must fail because Flexible sues Totem under California law, but Flexible fails to identify the means by which Totem is subject to California law. Totem is a limited liability company registered in the state of Oregon.

9. The Complaint is completely void of any description of the connections of Totem to California that would make any California statute applicable to Totem.

10. Flexible attaches a number of exhibits its Complaint, including the Amended and Restated Accounts Receivable Purchase Agreement (the "Purchase Agreement") between Flexible and Debtor Graham County Land Company, L.L.C ("Debtor" or "GCLC"), a number of UCC Financing Statements, a number of invoices from Totem to GCLC, and a promissory note made by GCLC and held by Totem (the "Promissory Note"). Only two of the attachments provide a choice of law clause: the Purchase Agreement and the Promissory Note.

11. The Purchase Agreement states that the laws of the State of California and the California Code shall govern the construction of the agreement. However, the Purchase Agreement is only between the Flexible and GCLC. Totem is not a party to the contract nor is it mentioned anywhere in the contract. There is no privity or relationship between Flexible and Totem in regards to the Purchase Agreement. Therefore, the clause, and thus California law, has no bearing on Totem.

12. The Promissory Note states that the laws of the State of Oregon shall govern the agreement. Not only are the laws of California not mentioned anywhere in the Promissory Note, but the parties to the Promissory Note are Totem and GCLC, not Flexible. Again, there is no privity or relationship between Flexible and Totem.

13. In none of the other attached documents is there privity between Flexible and Totem. Flexible and Totem do not do business together whatsoever. Therefore, Totem cannot expect to have any causes of action brought against it by Flexible under California law.

## IV. RELIEF REQUESTED

14. Totem respectfully requests that the Court dismiss the Complaint, or at least Count 5 of the Complaint, with prejudice.

15. A proposed form of order is included with this Motion.

## V. RESERVATION OF RIGHTS

16. Totem reserves the right to amend and/or supplement this Motion prior to any hearing.

## IV. CONCLUSION

WHEREFORE, Defendant Totem Forest Products International LLC d/b/a Totem Mats respectfully requests that the Court to grant this Motion to Dismiss, to dismiss Plaintiff's Complaint with prejudice, , or at least Count 5 of the Complaint, and to grant Defendants such other and further relief, at law or in equity, to which Defendants may be justly entitled.

Dated: March 29, 2023              Respectfully submitted,

                                    WEYCER, KAPLAN, PULASKI & ZUBER, P.C.

                                    By: */s/ Jeff Carruth*
                                    JEFF CARRUTH
                                    State Bar No. 24001846
                                    3030 Matlock Rd., Suite 201
                                    Arlington, Texas 76015
                                    Phone: (817) 795-5046
                                    jcarruth@wkpz.com

                                    ATTORNEYS FOR DEFENDANT
                                    TOTEM FOREST PRODUCTS INTERNATIONAL
                                    LLC d/b/a TOTEM MATS

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing was served upon all registered ECF users in this case on March 29, 2023.  An additional copy was served by regular mail upon counsel for the Plaintiff.

    */s/ Jeff Carruth*
    Jeff Carruth

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | Case No. 21-42215-mxm11 |
| FLEXIBLE FUNDING, LTD. LIABILITY CO., | § | (Chapter 11) |
| | § | |
| Debtors. | § | |
| | § | |
| FLEXIBLE FUNDING, LTD. LIABILITY CO., | § | |
| | § | |
| Plaintiff | § | |
| | § | **Adv. Proc. No. 23-04014** |
| v. | § | |
| | § | |
| TOTEM FOREST PRODUCTS INTERNATIONAL LLC d/b/a TOTEM MATS, | § | |
| | § | |
| Defendant. | § | |

**ORDER GRANTING DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

On this day came on for consideration the the Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint (Re: Docket No. ___) (the "Motion") filed herein on March 29, 2023 by Totem Forest Products International LLC d/b/a Totem Mats ("Totem" or "Defendant"). Upon review of the Complaint and the Motion, the Court finds and concludes the Motion should be granted.

**IT IS THEREFORE ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. Count 5 of the Complaint under California Business & Professions Code §§ 17200 et seq, or the Unfair Competition Law is dismissed with prejudice.

3. Defendant shall answer the remaining the claims in the Complaint within thirty (30) days.

### END OF ORDER ###

Submitted by:
JEFF CARRUTH (TX SBN: 24001846)
24 Greenway Plaza, Suite 2050
Houston, TX 77046
Telephone: (713) 341-1158
Facsimile: (713) 221-3732
E-mail: jcarruth@wkpz.com

ATTORNEYS FOR DEFENDANT
TOTEM FOREST PRODUCTS
INTERNATIONAL LLC d/b/a TOTEM MATS